**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

    **-v-**                                                                             **98-CR-363**
                                                                                             **(TJM)**

**ALBERT FELDER,**
                        **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

**I.    INTRODUCTION**

Defendant Albert Felder was convicted upon his guilty plea of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. At sentencing, the Court found that Defendant was responsible for the distribution of 17.2 kilograms of cocaine base. Section 2D1.5(a)(1) of the United State Sentencing Guidelines ("Guidelines") directed that the base offense level was 4 plus the offense level from Guidelines § 2D1.1 applicable to the underlying offense. Guidelines § 2D1.1(c)(1) set the base offense level for the distribution of an excess of 1.5 kilograms of cocaine base at 38. Adding four offense levels pursuant to Guidelines § 2D1.5(a)(1) resulted in a base offense level of 42. Taking 3 levels off for acceptance of responsibility and for a timely plea resulted in a total offense level of 39. At a criminal history category II, Defendant's Guidelines range of imprisonment was 292 to 365 months. However, because Felder had a prior drug felony conviction, as reflected in a Special Information filed pursuant to 21 U.S.C. § 851, the

1

statutory mandatory minimum term of imprisonment was 30 years. See 21 U.S.C. § 848. Accordingly, the Guidelines range of imprisonment was then 360 - 365 months. See U.S.S.G. § 5G1.1.

At sentencing, the Government moved pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 for a downward departure from the statutory minimum term of imprisonment and Guideline imprisonment range based upon Felder's substantial assistance to the Government. The Court granted the motion and sentenced Defendant to 210 months of imprisoned.

Felder now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on U.S. Sentencing Guidelines Amendment 706. The United States opposes the motion. For the reasons set forth below, the motion is denied.

## II.   DISCUSSION

The applicable statute providing authority for the Court to re-sentence a defendant in these circumstances is 18 U.S.C. § 3582(c)(2). This provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The applicable policy statement issued by the Sentencing Commission is U.S.S.G. §1B1.10 ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)"). This provides in pertinent part:

2

>    (a) Authority. -
>
>>      * * *
>>
>>      (2) Exclusions. -  A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>>
>>>          * * *
>>>
>>>          (B) [Amendment 706] does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2).

Amendment 706 does not apply to Defendant because he was responsible for more than 4.5 kilograms of crack cocaine. See U.S.S.G. App. C, Amend. 706; U.S.S.G. § 2D1.1(c); see also United States v. Harris,  2009 WL 368321(11th Cir. Feb 17, 2009)(*per curiam*) ("Amendment 706 reduced offense levels in certain crack cocaine cases by two levels, as reflected in the drug quantity table in U.S.S.G. § 2D1.1(c). . . .  A defendant who was held accountable for 4.5 kilograms or more of crack cocaine is not eligible for a sentence reduction under § 3582(c)(2) and Amendment 706 because his base offense level remains at 38, and, thus, his Guidelines sentence range has not been reduced."); United States  v. Jones, 548 F.3d 1366, 1369 (11th Cir. 2008)("Under Amendment 706, the guidelines now provide a base offense level of 36 for defendants who are responsible for at least 1.5 kilograms but less than 4.5 kilograms of crack cocaine. . . . However, a base offense level of 38 still applies to defendants responsible for 4.5 kilograms or more."). Because Amendment 706 does not apply, the Court lacks authority to reduce the sentence pursuant to 18 U.S.C. § 3582(c)(2).  See United States v. Wanton, 525 F.3d 621, 622 (8th Cir. 2008) (affirming denial of § 3582(c)(2) motion that was based on Amendment 706 because "the new amendment does not apply where more than 4.5

3

kilograms of crack is involved.").

Assuming, *arguendo*, that Amendment 706 did apply, Defendant would nonetheless be ineligible for a reduction. Upon application of the statutory mandatory minimum sentence, Defendant's Guidelines sentence of imprisonment became 360 - 365 months. See U.S.S.G. § 5G1.1(b)("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."), § 5G1.1(c)("In any other case, [a] sentence may be imposed at any point within the applicable Guideline range, provided that the sentence . . . (2) is not less than any statutorily required minimum sentence."); see also United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009); United States v. Johnson, 517 F.3d 1020, 1024 (8th Cir. 2008). Amendment 706 has no effect on a statutory mandatory minimum sentence and, thus, does not have the effect of lowering Defendant's applicable Guidelines range. Williams, 551 F.3d at 185 ("Once the mandatory minimum applied, [Defendant's] sentence was no longer 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'")(quoting 18 U.S.C. § 3582(c)(2)); see Johnson, 517 F.3d at 1024 (If the crack sentencing amendment would not change the Guidelines sentence, then "[the crack cocaine sentencing reduction amendment] does not have the effect of lowering the defendant's applicable guideline range.").

Of course, the ultimate sentence in this case was not the statutory mandatory minimum but instead a lower sentence based on the Government's motion under 18 U.S.C. § 3553(e). In this regard, the ultimate sentence was based upon considerations of

Defendant's cooperation with the Government. Williams, 551 F.3d at 186.[1] Inasmuch as the Court determined that the full extent of the departure based on Defendant's substantial assistance warranted a sentence of 210 months imprisonment, there was no basis to consider the crack cocaine Guidelines in passing sentence. See id. at 186-87.[2] Therefore, Amendment 706 offers Defendant no relief. Id.

Finally, assuming further that Amendment 706 applies to Defendant's situation, the Court declines to allow a two level downward departure in light of the departure already granted below the statutory minimum and upon consideration of the factors set forth at § 3553(a). See United States v. Borden, 564 F.3d 100, 104 (2d Cir. 2009)("Because the

---

[1] As the Second Circuit explained in Williams:

"When, as here, the Guidelines sentence ends up as the statutory minimum, both the decision to depart and the maximum permissible extent of this departure below the statutory minimum may be based only on substantial assistance to the government and on no other mitigating considerations." United States v. Richardson, 521 F.3d 149, 159 (2d Cir.2008). We further explained [in Richardson] that "[i]n arriving at a final sentence, of course, the district court may consider other factors in determining whether to grant the full extent of the departure permitted by § 3553(e)." Id. Richardson makes clear that the only factor the sentencing court may consider in deciding the maximum extent of the downward departure pursuant to a § 3553(e) motion is the nature and extent of the defendant's substantial assistance.

Williams, 551 F.3d at 186.

[2] In Willams, the Circuit also stated:

Then, only after the court has determined the full extent of the [§ 3553(e)] downward departure it would award based on that substantial assistance does the court consider other factors, including those in § 3553(a), to decide whether to depart to that full extent. That is, the court could refrain from granting the full extent of the substantial assistance departure because of the nature and circumstances of the crime, the characteristics of the defendant or any other applicable relevant factors that have been presented to the sentencing court.

Williams, 551 F.3d at 186-87.  Defendant seemingly argues that this statement in Williams stands for the proposition that a § 3553(e) downward departure sentence *could* be based on a sentencing range that has subsequently been lowered by the Sentencing Commission *if* the Court declined to grant the full extent of the departure because the Court considered the amount of the crack cocaine involved and the then-applicable crack cocaine Guidelines. See Def. Mem. L. Inasmuch as the Court based the sentence in the instant case on the full extent of Defendant's substantial assistance, the Court need not reach the question raised by Defendant's interpretation of Williams.

5

statute states that a district court may reduce the term of imprisonment, it clearly allows for a district court to exercise its discretion when considering a motion to reduce a sentence brought pursuant to § 3582(c)(2).").

### III.    CONCLUSION

For the reasons set forth above, Defendant's motion to reduce his sentence is **DENIED**.


**IT IS SO ORDERED**


DATED: May 27, 2009


_____
Thomas J. McAvoy
Senior, U.S. District Judge

6